## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

---

TAYSHEEDRA D. ALLEN-NOLL

       Plaintiff,

                      Case No. 18-cv-216-slc

  v.

MADISON AREA TECHNICAL COLLEGE,
et al.,

       Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This Stipulated Protective Order (the "Order") is entered into to provide adequate protection to student information, documents, data, information and other materials entitled to be kept confidential, and to expedite the exchange of discovery between the parties in the above-referenced case (the "Litigation").

The Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents, data, information and other materials produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c):

1.    This Order governs all CONFIDENTIAL INFORMATION (defined below) and applies to all documents, data, information or other materials produced or provided in the course of the Litigation (whether formally or informally) that are CONFIDENTIAL INFORMATION, including, without limitation, in the course of discovery.  This Order also governs and applies to all notes, extracts, summaries and other information derived from the CONFIDENTIAL

1

INFORMATION, and all documents and materials that quote or convey the substance of CONFIDENTIAL INFORMATION.

2.      A party may in its sole discretion designate any material as "CONFIDENTIAL" if it in good faith believes that the designated material constitutes or contains non-public proprietary, technical, commercial, financial, trade secret, private personnel or private personal information ("CONFIDENTIAL INFORMATION").

3.      If any party believes that any material has been incorrectly designated as CONFIDENTIAL, it may, at any time, contest the applicability of this Order to such material by notifying the other party in writing and identifying the particular material for which the confidentiality designation is contested and provide an explanation about why such party believes that such material is not confidential.  If the parties are unable to come to an agreement, a party may challenge the designation of CONFIDENTIAL by filing a motion with the Court seeking a determination of whether the CONFIDENTIAL designation is appropriate. The movant must accompany such motion with a statement demonstrating that it has made a good faith effort to resolve such challenge through discussion with the opposing party.  Any deadline for producing the requested material shall not be delayed but the material shall be treated as CONFIDENTIAL until the motion is decided by the Court.

4.      A party may designate material as CONFIDENTIAL by:

    (a)     imprinting the word "CONFIDENTIAL" on any document produced;

    (b)     imprinting the word "CONFIDENTIAL" next to or above any answer to an interrogatory or response to a request to admit;

(c)     advising the court reporter during the deposition that certain testimony is CONFIDENTIAL and is to be separately transcribed and marked accordingly; or

(d)     informing all other counsel, in writing, that certain deposition testimony shall be designated and marked as CONFIDENTIAL within ten (10) calendar days after the party's receipt of the transcript of the deposition. Whenever deposition testimony is designated as CONFIDENTIAL under this Order, it shall be the affirmative duty of all parties and other persons in possession of a copy of the transcript of the deposition to promptly stamp, endorse or otherwise place upon each designated portion of each copy of the transcript in his or her possession the appropriate confidentiality stamp or marking.

Except for materials produced for inspection at the party's facilities and deposition testimony, the designation of CONFIDENTIAL INFORMATION must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that materials are produced for inspection at the party's facilities, such materials may be produced for inspection before being marked CONFIDENTIAL.  Once specific materials have been designated for copying, any materials containing CONFIDENTIAL INFORMATION will then be marked CONFIDENTIAL after copying but before delivery to the party who inspected and designated the materials.  There will be no waiver of confidentiality by the inspection of materials containing CONFIDENTIAL INFORMATION before they are copied and marked CONFIDENTIAL pursuant to this procedure.

5.     The parties shall limit disclosure of CONFIDENTIAL INFORMATION as much as possible consistent with the needs of the Litigation.  CONFIDENTIAL INFORMATION may

only be used in connection with this Litigation and shall not be given, shown, made available, or communicated in any way to anyone other than:

       (a)     Disclosure may be made to employees of counsel for the parties to the extent such employees are assisting with the preparation and trial of the Litigation. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the CONFIDENTIAL INFORMATION be held in confidence.

       (b)     Disclosure may be made only to employees of a party to the extent such employees are assisting counsel with the conduct of the Litigation.

       (c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

       (d)     Disclosure may be made to consultants, investigators, or experts (collectively "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Litigation, and to the Experts' employees who are assisting with the conduct of the Litigation. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the CONFIDENTIAL INFORMATION be held in confidence.

4

(e)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the Litigation and to the Court and the Court's staff.

(f)     Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL INFORMATION.

6.     Material designated as CONFIDENTIAL shall be used only in connection with this Litigation and for no other purpose.  Such designated material shall be used and disclosed only expressly as provided in this Order.

7.     The people to whom this Order permits disclosure of CONFIDENTIAL INFORMATION shall not use, disclose, or communicate CONFIDENTIAL INFORMATION that was received from the opposing party for any purpose other than this Litigation, including preparation for hearing, appeal, or settlement of this matter.

8.     If a party receives a subpoena or other legally enforceable order from any person or entity not party to the Litigation requiring disclosure of any CONFIDENTIAL INFORMATION, the receiving party shall immediately provide notice thereof to counsel for the originating party.

9.     MAINTENANCE OF CONFIDENTIALITY. Except as provided in Paragraph 5, counsel for the parties must keep all material designated CONFIDENTIAL that is received under this Order within their exclusive possession and in a secure area.

(a)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of CONFIDENTIAL INFORMATION under this Order, or any portion thereof, must be immediately

affixed with the word "CONFIDENTIAL" if not already containing that designation.

(b)     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be CONFIDENTIAL, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

10.     The inadvertent or unintentional disclosure by a party of CONFIDENTIAL INFORMATION without the proper designation or marking at the time of the disclosure shall not constitute a waiver of a party or non-party's claim of confidentiality either as to the specific CONFIDENTIAL INFORMATION disclosed or as to any other materials relating thereto, provided that within thirty (30) calendar days after the inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION, the receiving party is notified in writing and the CONFIDENTIAL INFORMATION is properly marked or designated CONFIDENTIAL pursuant to this Order.  The receiving party shall not be responsible for the disclosure of CONFIDENTIAL INFORMATION belatedly designated in accordance with this Order that may have occurred before the receipt of such written notification or claim of the designation, and such disclosure shall not be deemed to be a violation of this Order.  However, to the extent any material marked CONFIDENTIAL has been disclosed to an employee, agent or representative of the receiving party prior to the designation, counsel for the receiving party shall make a

reasonable effort to collect such documents and all copies thereof from that person following the designation.

11.     Nothing herein shall be construed as a waiver of any party's right to object to the production or admissibility of any evidence or testimony produced or based upon any grounds other than confidentiality.  Moreover, nothing herein shall be construed as a limitation on the originating party's right to use or disclose its own information as it sees fit without the prior consent of the opposing party or the Court notwithstanding its designation as CONFIDENTIAL in this Litigation.

12.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all CONFIDENTIAL INFORMATION (including all copies, summaries and abstracts thereof) shall be returned to the producing party or destroyed.  If the receiving party elects to destroy CONFIDENTIAL INFORMATION, it shall certify the completion of destruction to the producing party. Notwithstanding the foregoing, counsel for the parties may retain an archival copy of all materials produced under this Order.   Any retained CONFIDENTIAL INFORMATION shall continue to be protected under this Order.

13.     Nothing in the Order shall prevent any party from seeking a modification of the Order or objecting to discovery that it believes to be otherwise improper.  Any party may apply to the Court at any time, upon proper notice, for the modification or vacation of this Order. Moreover, this Order may be amended by the Court, and in making any amendments, the Court shall be guided by the purpose of this Order, which is to provide adequate protection for material

that is CONFIDENTIAL without unreasonably interfering with the efficient prosecution or defense of this Litigation or the interests of the public.

14.     The obligations and responsibilities of the parties and the parties' counsel under this Order shall continue in effect after the conclusion of the Litigation.

| | |
|---|---|
| s/ Rocky L. Coe | s/ Josh Johanningmeier |

Rocky L. Coe, SBN 1016642
COE LAW OFFICES
3873 North Sherman Blvd.
Milwaukee, Wisconsin 53216
Phone:   414-442-1755
Fax:       414-444-2691
Email:    rocky.coe@att.net

*Attorney for Plaintiff, Taysheedra D. Allen-Noll*

Josh Johanningmeier, SBN 1041135
Erin M. Cook, SBN 1074294
Adam R. Prinsen, SBN 1090448
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI  53701-2719
Phone:   608-257-3911
Fax:       608-257-0609
Email:    jjohanni@gklaw.com
              mcook@gklaw.com
              aprinsen@gklaw.com

*Attorneys for Defendants,
Madison Area Technical College, Dr. Jack Daniels III, Terrance Webb, Mark C. Lausch, Board of Madison Area Technical College, and Carolyn Stoner.*

IT IS SO ORDERED this _____ day of _____, 2019.

_____
U.S. Magistrate Judge Stephen L. Crocker

19743361.

8