TAYSHEEDRA D. ALLEN-NOLL,

                Plaintiff,

    v.

MADISON AREA TECHNICAL COLLEGE, *et al.*,

                Defendants.

ORDER

18-cv-216-slc

On April 8, 2019, the court filed an order (dkt. 59) denying plaintiff's motion to compel discovery (dkt. 31) and ordering cost-shifting pursuant to Rule 37(a). *See* dkt. 49. On May 15, 2019, defendants filed their bill of costs and expenses, requesting $10,578.75. *See* dkt. 59. On June 3, 2019, plaintiff filed a 24-page motion for reconsideration of the court's substantive order, or in the alternative, opposing cost-shifting. *See* dkt. 61. I am denying both motions.

### Plaintiff's Motion for Reconsideration

Plaintiff Allen-Noll had an ample opportunity to present her facts and arguments in original motion to compel. In a 16-page brief (dkt. 32), Allen-Noll sought to compel a second deposition of defendant Lausch and more satisfactory answers to six of her interrogatories and eight of her requests for production of documents. In my order denying Allen-Noll's motion in its entirety, I characterized her supporting brief as "terse to the point of being inscrutable." Dkt. 49 at 3. The defendants responded with a 20-page brief and 15 exhibits totaling over 200 pages. (Dkts. 44 and 45). Although the court does not ordinarily allow replies in support of discovery motions, *see* Preliminary Pretrial Conference Order, dkt. 13, at 4, I invited a reply from Allen-Noll to give her a chance to amplify her first brief. I also granted Allen-Noll's request to suspend her deadline to respond to defendants' summary judgment motion until the court ruled on her

motion to compel discovery. *See* March 26, 2019 text-only order, dkt. 47. The reply brief would have been Allen-Noll's opportunity to challenge the points that defendants had made in their response. Instead, Allen-Noll filed a two-page reply on April 6, 2019 (dkt. 48), ten days after her deadline, citing one case and getting the holding backwards.

Although Allen-Noll's failure to develop her arguments in her supporting brief was a sufficient stand-alone ground to deny the motion, I took the time and went to the effort of reviewing the case file, doing my own legal research, and deciding each of Allen-Noll's claims on its merits. This led to a 22-page order in which I separately addressed each of Allen-Noll's requests and found that she was not entitled to additional discovery on any of them.

Allen-Noll's greatest concern was that her second attorney be allowed to take a second deposition of defendant Lausch, based on her claim that she was pursuing her claims under a different theory of racial conspiracy. Having carefully considered both sides' submissions, I found that

> The absence of the word "conspiracy" [*from the deposition transcript*], however, is not a reason to compel a second deposition of Lausch when there is no showing of any specific substantive gaps in the questions and answers. Deposing Lausch again with an eye toward proving up a hidden racial conspiracy would simply cover the same facts a second time, with Lausch denying the existence of any such conspiracy. The fact that Attorney Coe might approach deposing Lausch differently than Attorney Kennelly did is not a reason to make Lausch sit for a second deposition. Pursuant to Rule 37(a)(5)(B), this is a circumstance under Rule 26(c) in which Lausch is entitled be spared from another deposition due to annoyance, undue burden and undue expense, all of which would be disproportionate to the cost in time, effort and money of attempting to adduce any new, relevant information.

> Dkt. 49 at 20-21.

The same was true for all of Allen-Noll's other requests. My order speaks for itself but here is the headline version of my decision on each request:

**Interrogatory No. 9**: The court cannot discern any evidentiary basis for Allen-Noll's terse contentions of inadequate disclosures by defendants.

**Interrogatory 12 & RFP 7**: On this record, Allen-Noll has not fleshed out any facts or argument that would suggest that this court should compel defendants to provide any additional information.

**Interrogatory 13 & RFP 15**: The court cannot discern from Allen-Noll's motion to compel what else she is seeking or what else she thinks is out there that defendants have not provided.

**Interrogatory 14, Interrogatory 15 and RFP 17**: Defendants are not required to acquiesce in Allen-Noll's theory of prosecution when responding to her discovery requests. As long as they have provided the relevant information in their possession, they have met their discovery obligations and there is nothing for the court to compel.

**Interrogatory 16**: defendants clarified their answer in their response to the motion to compel. There is nothing left for the court to order.

**RFP 3**: Allen-Noll has not made any showing that she is entitled to discovery of these personnel files. The evidence further shows that she doesn't need these files because they don't provide the information she appears to be seeking. This information is available in the files of the other employees, relevant portions of which defendants already have provided.

**RFPs 16 & 18**: To the extent that Allen-Noll actually is seeking similarly-situated employees, defendants have responded to those requests, and Allen-Noll has provided no basis for the court to compel substantive answers to RFPs 16 or 18.

**RFP 19**: The court cannot discern what Allen-Noll is asking for. To the extent Allen-Noll is seeking wage and bonus information regarding particular employees, she has not made any showing that these employees are similarly situated to her.

Allen-Noll's motion for reconsideration does not change these conclusions. Allen-Noll

doesn't present any new arguments, she just makes the same arguments again, but with greater

insistence and with more details that are intended to fill in the many blanks that the court pointed out in Allen-Noll's first brief and in her reply. But developing an argument for the first time in a motion to reconsider is too late. *United Central Bank v. KMWC 845 LLC*, 800 F.3d 307, 310 (7th Cir. 2015), quoting *Bloch v. Frishholz*, 587 F.3d 771, 784 (7th Cir. 2009), a religious discrimination case. Simply put, "motions to reconsider [are] not an opportunity to present arguments that could have been raised previously." *Cincinnati Life Ins. Co. V. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). This court put in a substantial amount of time and effort trying to make sense out of Allen-Noll's first motion in order to provide a decision on the merits. I am not going to repeat that process when nothing new or different appears in her motion for reconsideration.

Attorney Coe views things differently, going so far as to assert ("respectfully") that denying a second deposition of Lausch "infringes on Allen-Noll's due process right to have a different attorney at the Federal level in order to travel a different path to reach the destination of discrimination justice." Dkt. 61 at 3. This is a palpable misstatement of the law. "A litigant in a civil case has neither a statutory nor a constitutional right to counsel." *Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018). Therefore, there is no constitutional right to effective assistance of counsel in civil cases. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000); *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 840 (7th Cir. 1999) (explicitly holding that a civil plaintiff cannot establish a due process violation based on her attorney's alleged conflict of interest).

Taking this a step further, replacement counsel in a civil lawsuit cannot get a do-over based on his predecessor's failure to approach the case a certain way, even if that failure

amounted to gross negligence. *United States v. 7108 West Grand Ave., Chicago, Ill.,* 15 F.3d 632, 634-35 (7ᵗʰ Cir. 1994), quoted in *Fuery v. City of Chicago*, 900 F.3d 450, 467 (7ᵗʰ Cir. 2018) ("The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds."). As the court noted in *Choice Hotels Inter., Inv. v. Grover*, 792 F.3d 753, 754 (7ᵗʰ Cir. 2015), "litigants are bound by the acts and omissions of their chosen agents, including lawyers, and that legal bungling therefore does not justify reopening a judgment."

By citing these cases, I am not finding—or even implying—that Allen-Noll's previous counsel screwed up by how she approached this case and how she chose to depose Lausch. That issue is not before the court. But Allen-Noll and her current attorney obviously hold that view, and they argue that it entitles Allen-Noll to another shot at Lausch. The case law is clear: it does not.

Perhaps Allen-Noll will view this holding as a technicality that deprives her of a chance to obtain the evidence she believes that Lausch will divulge if her new attorney is just given the opportunity to ask the right questions. But as noted in the court's first order, Allen-Noll has not provided any basis to believe that having a new attorney ask more pointed questions of Lausch will result in answers that are more favorable to Allen-Noll. I addressed all of this in the April 8, 2019 order at 18-21. Allen-Noll's motion for reconsideration simply repeats her previous points, while adding more case law cites.

Attorney Coe repeatedly cites to *Hassan v. Foley & Lardner*, 552 F.3d 520 (7ᵗʰ Cir. 2008), in his motion, so I have reviewed it for relevance. There, as Allen-Noll points out, the court of appeals overturned the district court's grant of summary judgment in favor of the defendant in

a discriminatory firing lawsuit, finding that there was a large enough "mosaic" of circumstantial evidence, coupled with unresolved questions of fact, to survive summary judgment on a direct-proof claim of discrimination. *Id.* at 531. So why is this summary judgment reversal relevant to Allen-Noll's motion for reconsideration of her discovery motion? Allen-Noll's point is that the evidence she moved to compel is relevant to creating her mosaic of discrimination, particularly with regard to asking Lausch different questions at a second deposition and getting more information about co-workers Ahern, Polly and Gorder. But this is just a rehash of Allen-Noll's arguments in her original motion to compel. I found no basis in Allen-Noll's original motion to allow the requested discovery, *See* dkt. 49 at 8-10, 14-15 and 18-21, and the *Hassan* decision does nothing to advance Allen-Noll's request for reconsideration..

Attorney Coe also cities to the unofficial synopsis of *B&B Hardware, Inc. V. Hargis Indus., Inc.* ___ U.S. 135 S.Ct. 1293 (2015), to argue that bringing this lawsuit after the administrative proceedings "is not forum shopping which would preclude re-litigation of decided issues." Dkt. 62-1 at 4. *B&B Hardware* is not on point to the issues on which Allen-Noll seeks reconsideration of this court's discovery order, and no one is arguing claim preclusion. This is a non sequitur. Attorney Coe cites this case a second time:

> It is respectfully submitted that, no one is clairvoyant enough to know what Attorney Kennelly's strategy was, but to use that speculation to block Allen-Noll's vision down a different issue path to overcome discrimination, when justice is in sight, is inscrutable. Issue preclusion herein is inapplicable, *B&B Hardware, Inc., supra.*
>
> Dkt. 62-1 at 7.

Again, issue preclusion is not on the table. Circuit law is unequivocal: a litigant is bound by her attorney's acts and omissions.

Finally, Allen-Noll points to *Banco Del Atlantico, S.A. v. Woods Industries, Inc.*, 519 F.3d 350, 352 (7th Cir. 2008), in which the court ordered a second Rule 30(b)(6) deposition of the plaintiff corporation because the first deposition was a "fiasco." The court of appeals detailed the clear misconduct in which plaintiff's witnesses and lawyers had engaged during the second deposition, which caused the district court to dismiss plaintiff's case. The court of appeals upheld the dismissal. *Id.* at 352-54. *Banco Del Atlantico* is not on point. Notwithstanding Allen-Noll and Attorney Coe's characterization of Lausch's deposition, neither Lausch nor his attorneys said or did anything improper that would cause this court to order Lausch to sit for another deposition. I addressed this directly in my first order, dkt. 49 at 18-21.

In sum, Attorney Coe again has presented a motion in he which ignores clear circuit law that controls the issues, and instead has cited cases that do not stand for the propositions cited or are clearly distinguishable. Nothing in the motion for reconsideration demonstrates that the court's original order was incorrect. The motion for reconsideration is denied.

### Cost-Shifting Pursuant to Rule 37(a)(5)(B).

In the court's April 8, 2019 order, I granted defendants' motion for cost shifting, citing the "great operative principle" of Rule 37(a): "the loser pays." *Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 786 (7th Cir. 1994). However, a loser may avoid payment by establishing that his position was substantially justified, or that other circumstances make an award of expenses unjust. *Id.* at 787.

Defendants have submitted a bill of costs totaling $10,578.75 (dkt. 59), consisting of 11.2 hours of partner time at $315/hr., 23.2 hours of associate time at $262.50/hr. and 6.10

hours of paralegal time at $157.50/hr. (dkt. 60-1), backed up by an itemized breakout of who did what when (dkt. 60-2).

Allen-Noll, by counsel, objects to any cost-shifting at all, asserting that her motion was substantially justified and/or other circumstances make an award unjust. Dkt. 61 at 2. Allen-Noll cites to *Athridge v. Aetna Cas. And Sur. Co.*, 184 F.R.D. 200, 204 (D.C. Cir. 1998), to define "substantial justification." That case involved an assertion of attorney-client and work product privilege that the court rejected, instead ordering the requested discovery. In *granting* the request for cost-shifting (with some small carve-outs), the court explained how it had relied on circuit authority to define and analyze the privileges asserted by Aetna, and found that Aetna's claims of privilege were not substantially justified. The court then analyzed the "relevance" and "burdensome" objections asserted by the defendant, again referring to case law, which "specifically condemned the vague, unspecific and general objections Aetna made, and that Aetna's use of a particular phrase . . . obfuscated its actual intentions. In light of that conclusion, I cannot conclude that Aetna's position was substantially justified; the contrary is true." *Id.* at 206. This is another situation in which it the case cited by Allen-Noll is more favorable to defendants than to her.

Allen-Noll's second case, *Tchemkou v. Mukasey*, 517 F.3d 506 (7th Cir. 2008), is a request for attorney's fees by a prevailing petitioner for asylum under the Convention Against Torture. Petitioner's request for attorney's fees was governed by the Equal Access to Justice Act, 28 U.S.C. § 2412, which required the government, as the loser, to prove that its opposition to petitioner's case was "substantially justified," as that term has been defined in other EAJA cases, *e.g. Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). This is a circuitous path to the correct

result: the court of appeals in *Rickels,* cited by this court in its cost-shifting order, holds that the Rule 37(a)'s "substantially justified" standard is the same formulation employed by the EAJA. 33 F.3d at 788.

Allen-Noll jumps straight from her case citations to her claim of a due process violation by the court, which I have addressed above. Throughout her motion, Allen-Noll emphasizes her position that her new attorney has not had the opportunity to develop her racial discrimination conspiracy theory, so she was substantially justified seeking the discovery that she moved to compel, particularly a second deposition of Lausch. But as noted repeatedly in my original order and as outlined above in this order, Allen-Noll's actual motion to compel was an undisciplined jumble of unexplained assertions and undeveloped arguments. Allen-Noll did not show that she was entitled to any of the discovery she was seeking and she has not shown that her positions in her motion to compel were substantially justified. As already noted, Allen-Noll ignored circuit law and cited cases that contradicted her own position, particularly with regard to her request to re-depose Lausch. Nothing in her motion for reconsideration salvages her first motion: it is more of the same.

At the outset of her motion for reconsideration, Allen-Noll labels defendants' $10,578.75 bill "excessive" and she states that "other circumstances make an award unjust," dkt. 61 at 2, but she never returns to these contentions. This is yet another perilous strategic choice by counsel, but I have independently assessed defendants' claim for reasonableness. The hourly rates charged are at or below the market rate in this district, and defendants' lead attorney prudently assigned most of the work to lower-cost associates. The tradeoff is that associates are not as knowledgeable, experienced or efficient as partners, so it takes them more time to

accomplish the same task. Obviously this is accounted for to a great degree by the lower billing rates for associates, but I nonetheless am going to give Allen-Noll the benefit of a five-hour reduction in the associates' hours. 18.2 hours @ $262.5/hr.= $4,777.50. Added to Attorney Johanningmeier's claim for $3,528 and the paralegal's claim for $960.75, the total amount of costs to be shifted is $9,266.25. I will give Allen-Noll and her attorney three months to pay this amount.

## ORDER

IT IS ORDERED that:

(1) Plaintiff's Motion for Reconsideration (dkt. 61) is DENIED.

(2) Defendant's request for cost-shifting (dkt. 59) is GRANTED IN PART and DENIED IN PART: not later than October 8, 2019, plaintiff and her attorney are jointly and severally responsible to pay $9,266.25 to counsel for the defendants.

Entered this 8th day of July, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge